UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

      Petitioner,

                                          Civil No. 08-mc-51155
                                          Hon. John Feikens

      v.

SIGN OF THE BEEFCARVER, INC.,

      Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO QUASH**

    Petitioner Department of Labor requests that this Court quash Respondent's subpoena for documents and testimony related to disclosures made by the Internal Revenue Service to the Department of Labor. For the reasons set forth below, I GRANT Petitioner's Motion to Quash.

**FACTS**

    This action was commenced when the Department of Labor filed a Petition to Compel Respondent Sign of the Beefcarver, Inc. to Comply With Subpoena Duces Tecum that it had issued. The Employee Benefits Security Administration of the United States Department of Labor ("EBSA") issued a subpoena pursuant to an investigation conducted under ERISA to the custodian of records for Sign of the Beefcarver on September 4, 2007. Counsel conducted an onsite review of those documents subpoenaed. After doing the onsite review and examining other documents that were submitted, the Senior Investigator Linda Bierley determined that

1

additional documentation directly related to the valuation of the company's stock held by the retirement plan was needed to further the investigation. EBSA then issued another administrative subpoena for these documents. Beefcarver's responses were due May 15, 2008. To date, EBSA has received no documents in response to the subpoena.

On December 4, 2008, the Department of Labor filed a Petition to Compel Respondent Sign of the Beefcarver, Inc. to Comply with a Subpoena Duces Tecum. On January 16, 2009, Sign of the Beefcarver, Inc. served the United States Department of Labor with its own subpoena for documents and testimony relating to disclosures made by the Internal Revenue Service ("IRS") to the Department of Labor. The United States Department of Labor moves that the Respondent's subpoena be quashed.

## ANALYSIS

Proceedings brought to enforce administrative subpoenas are summary in nature. United States v. Will, 671 F.2d 963 (6th Cir. 1982). While discovery may be allowed in some subpoena enforcement actions, "there is no unqualified right to pre-trial discovery in a summons enforcement proceeding." Will, 671 F.2d at 968. Only when an opposing party makes a preliminary and substantial showing of abuse should the court allow the use of discovery devices in an enforcement proceeding. Id. at 968. The respondent "bears the initial burden of convincing the trial judge that the claimed abuse of process is not frivolous." SEC v. Wheeling-Pittsburgh Steel Corp., 648 F.2d 118, 128 (3d. Cir. 1981). The Supreme Court has stated that an abuse of process would take place if the subpoena was issued for "an improper purpose" such as harassing the respondent or exerting pressure to settle a collateral dispute. Powell v. United States, 379 U.S. 48, 58 (1964).

Beefcarver's argument is that the subpoena sought to be enforced by the United States Department of Labor in this action was issued pursuant to an improper and illegal institutionalized investigative system and therefore, the subpoena is a product of institutionalized bad faith. However, this does not show that the investigation itself is being performed in bad faith; rather it suggests that the initial disclosure of the information may have been improper.

Because I find that Respondent has not made a substantial showing of abuse, I GRANT Petitioner's Motion to Quash the subpoena.

**IT IS SO ORDERED.**

Date:   May 8, 2009                     s/John Feikens
                                        United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on May 8, 2009, by U.S. first class mail or electronic means.
>
>                         s/Carol Cohron
>                         Case Manager